IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00263-MSK-BNB

CZESLAW JACHNIK and
TERESA JACHNIK,

       Plaintiffs,

v.

WAL-MART STORES, INC., a Delaware corporation,

       Defendant.

## ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION TO DISMISS

THIS MATTER comes before the Court on the Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) **(#3)**, filed March 15, 2007. The Plaintiffs have filed no response in timely opposition to the motion.[1] Having considered the motion, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

---

[1] Pursuant to D.C.COLO.LCivR 7.1(C), a response was due on April 4, 2007. The Plaintiffs have filed no response, nor any motion requesting additional time to respond.

## II. Background

The Plaintiffs, who are *pro se*, commenced this action on February 6, 2007. Because they are *pro se*, the Court construes their Complaint liberally.[2] *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court is not required to be their advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In addition, *pro se* litigants are required to comply with applicable court rules. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

The Plaintiffs assert claims against the Defendant under Colorado and federal law. All claims are premised upon an incident which took place on October 6, 2002, when Czeslaw Jachnik was arrested in a Wal-Mart store on suspicion of shoplifting. The Plaintiffs claim that Mr. Jachnik was prosecuted and convicted in state court, but that his conviction was ultimately dismissed on February 10, 2006.

The Plaintiffs assert six Colorado law claims: (1) malicious prosecution; (2) false imprisonment; (3) loss of consortium; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; and (6) negligence. They also assert a single claim of false arrest under 42 U.S.C. § 1983.

---

[2] Although the Complaint states that the Plaintiffs are *pro se*, it appears to have been ghost-written by an attorney. The Court received a nearly identical complaint in Civil Action No. 07-cv-00264-MSK, filed by different plaintiffs. The unbundling of legal services has been expressly disapproved by this Court. *See* D.C.COLO.LCivR 83.4. This means that attorneys must appear in actions where they draft the pleadings. They may disciplined if they do not. The party relying upon the ghost-written pleading may also be subject to sanctions under Fed. R. Civ. P. 11.

### III. Issue Presented

The Defendant moves to dismiss all claims on the grounds that they are barred by the statute of limitations, which it contends began to run on October 6, 2002. The issue presented is whether the Plaintiffs' claims are barred by the statute of limitations.

### IV. Standard of Review

The Defendant's motion is brought under Fed. R. Civ. P. 12(b)(6). Under this rule, a party may move to dismiss a claim for relief on the basis that it fails to state any claims upon which relief may be granted. There is a strong presumption against the dismissal of claims under this rule. *See Cottrell, Ltd. v. Biotrol Intern., Inc.,* 191 F.3d 1248, 1251 (10th Cir. 1999). The Court accepts all well-pleaded allegations in the Complaint as true and construes them in the light most favorable to the Plaintiffs. *See Williams v. Meese,* 926 F.2d 994, 997 (10th Cir. 1991). Only if the Plaintiffs can allege no set of facts in support of their claims is dismissal appropriate. *See Jojola v. Chavez,* 55 F.3d 488, 490 (10th Cir. 1995).

### V. Analysis

The Defendant's motion erroneously assumes that all seven of the Plaintiffs' claims accrued on the same date, October 6, 2002. It is apparent, from the face of the Complaint, that the causes of action accrued at various times.

A claim for malicious prosecution accrues when the criminal proceedings terminate in favor of the accused. *See Dodge v. Montrose Potato Growers Co-op. Ass'n,* 34 Colo.App. 223, 255 (Colo. App. 1974). Here, the Complaint alleges that the criminal charges against Mr. Jachnik

were dismissed on February 10, 2006.  Accordingly, the claim accrued on February 10, 2006.  Such claim is subject to a 2-year statute of limitations. § 13-80-102(1)(a), C.R.S.   Thus, such claim is timely asserted.

The Colorado false imprisonment, the § 1983 false arrest, and the negligence claims pertain to Mr. Jachnik's detention in the Wal-Mart store on October 6, 2002, and the one-night stay in jail which followed.  According to the Complaint, Mr. Jachnik remained on bond thereafter.  Therefore, these three claims accrued no later than October 7, 2002.  The Colorado false imprisonment claim is subject to a 1-year statute of limitations, the § 1983 claim is subject to a 2-year statute of limitations, and the negligence claim is subject to a 2-year statute of limitations. § 13-80-102(a) & (g). C.R.S.; § 13-80-103(1)(a), C.R.S.; *Workman v. Jordan*, 32 F.3d 475, 482 (10th Cir. 1994).  Thus, none of these three claims are timely asserted, and they must be dismissed.

The factual basis of the loss of consortium claim is unclear.  In addition, the two emotional distress claims are linked to the criminal proceedings which ended in February 2006.  Thus, from the face of the Complaint, the Court cannot determine when they accrued, and cannot dismiss them at this juncture.

**IT IS THEREFORE ORDERED** that:

(1)  The Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) **(#3)** is **GRANTED, IN PART**, and **DENIED, IN PART**.  The Colorado false imprisonment, the § 1983 false arrest, and the negligence claims are dismissed.  The claims remaining are: malicious prosecution, loss of consortium, intentional infliction of emotional distress, and negligent infliction of emotional distress.

(2)  The following matter is set for hearing on the law and motion calendar of Judge Marcia S. Krieger to be held on **May 22, 2007 at 4:30 p.m.** in the United States District Court for the District of Colorado, Courtroom A901, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado.  The matter is set for a non-evidentiary hearing of not more than 15 minutes.  The Plaintiffs and defense counsel shall *bring their calendars.*  The Plaintiffs shall provide a copy of this Order to any attorney(s) who drafted the Complaint.  Such attorney(s) shall also attend the hearing.

Dated this 24th day of April, 2007

          **BY THE COURT:**

          */s/ Marcia S. Krieger*
          _____
          Marcia S. Krieger
          United States District Judge